Good morning. May it please the court. I'm Michael Bouchard, the appellant. I'd like to discuss a few number of issues, primarily with respect to the overt act in the indictment. That was never proven. And in fact, the evidence proves that something else occurred other than the overt act relative to the Fremont transaction. Didn't the prior panel of this court find that there was sufficient evidence to convict? Correct. So how are we permitted to revisit that question now? Well, in 2014, the district court rendered a decision affirming the trial convictions, but this was before the appeal. And it's in the government's appendix at page 429 to 430. And I noted this following point on page 9 of my reply brief after the government's appendix was filed. And in that brief, we have a decision from the district court, and it reads as follows, and it refers to a person named Irma Valdez from Fremont. Valdez further testified that had Fremont known that the statements on the HUD-1's defendant's office returned to it after closing were false with respect to the funds the buyer brought to the closing and the disbursement of the mortgage proceeds, it would have defunded the loan. And that is the exact opposite of the overt act in paragraph 47B of the indictment. But we affirmed the conviction two years later, in 2016, right? That's correct. But the record shows that the district court judge that analyzed the evidence, he sat at the trial, he took notes, he was there every day, and the record, in terms of Valdez's testimony, indicates that the HUD was not sent to Fremont until after the closing. And was that raised on direct appeal? I'm sorry? Was that argument raised on direct appeal? I'm sorry, that was not. Was it raised on a habeas? That was not raised either. But it's been known since 2014. That's correct. That's the record. So why, what I'm asking is why at this stage, because Ericorum Nobis is an extraordinary writ, why at this stage should we reach back and consider an argument that's based on an event that occurred or a finding that was made 12 years ago? Well, what that finding is, it voids the overt act and it achieves justice because actual innocence is shown in the record. But actual innocence can be asserted on your habeas, and it was not. That is correct. And so why, why should we allow the writ of Ericorum Nobis on an argument that could have been raised earlier and had multiple procedural vehicles by which to be raised? Well, simply because the record shows that the government never proved the overt act. So the answer is just that we should do it because it would be the right thing to do, is that what you're saying? That is correct. Yes. I also raise another issue relative to ex post facto violations. The government violated the Constitution's ex post facto clause. It started out at the grand jury when a government investigator described the ordinary mortgage lender, BNC Mortgage, Inc. twice. On two occasions, he referred to it as a bank and an FDIC bank. The indictment itself, on page one, its introduction says the victim mortgage lenders. It should have said the victim financial institutions because the actions or activities that are charged in the indictment predated the Fraud Enforcement Recovery Act of 2009, wherein Congress amended the definition of a financial institution to include a mortgage lending business. Did we not deal with this? You did. You did. You did deal with that issue. Correct, Your Honor. But the indictment itself violates the ex post facto clause because it incorporates and dumps in numerous transactions relative to mortgage lending entities. Let me ask you this. What would the writ do for you? If we granted the writ, what would that do for you? If you granted the writ? What would that do for you? That would vacate the conviction. And that's why I'm here. I'm here to seek justice because the indictment violated the ex post facto clause, but primarily the government never proved the overt act in paragraph 47B. It never happened. So submitting a document to Fremont after the closing per the 2014 district court decision, that voids the overt act because the overt act never occurred. That's really what you're...  Thank you very much. Good morning, and may it please the court. Joshua Rothenberg for the government. Quorum nobis is an extraordinary remedy with three high hurdles. Mr. Bouchard has met none of them, and that's especially true with regard to the second hurdle, the sound reasons prong, which requires sound reasons why these claims were not and could not have been brought earlier. But in fact, the vast majority of his claims were brought earlier, and those that were not could have been since they are based on things that happened over a decade ago. I would be happy to answer any questions the court may have. Thank you, your honors. Thank you very much. So we will reserve decision. And Mr. Bouchard, that just means it's you. I think you'll get a decision from us, inviting, explaining whatever the decision is. And I believe that that concludes.